# CLARENCE ASTELL v. DANIEL J. McCUISH and Others.[1]

## January 28, 1910.

## Nos. 16,470—(202).

**Unmarked Logs.**
> Under the provisions of section 2580, R. L. 1905, unmarked logs floating in the St. Croix river, though within the jurisdiction of the St. Croix Boom

1Reported in 124 N. W. 458.

Company, become the property of the person who picks them up and causes them to be properly marked with his own mark before they reach the boom or sorting works of the company.

### Same — Title of St. Croix Boom Company.

No title to unmarked logs vests in the boom company under the provisions of its charter until they are driven or float into its booms or works.

Action in the district court for Washington county against Daniel J. McCuish, Patrick McAlpine and James Brennan to recover $144 for the conversion of certain logs bearing plaintiff's recorded log mark. The answer was a general denial. At the trial the answer was amended by adding an allegation to the effect that defendants took possession of the logs acting under direction of the St. Croix Boom Corporation and Lumbermen's Board of Trade, and at the time of taking the St. Croix Boom Corporation was entitled to their possession. The case was tried before Stolberg, J., and a jury which rendered a verdict in favor of plaintiff in the sum of $55.74. From an order denying defendants' motion for judgment notwithstanding the verdict or for a new trial, they appealed. Affirmed.

*Manwaring & Sullivan* and *J. C. Nethaway,* for appellants.

*Orris E. Lee,* for respondent.

BROWN, J.

Action in conversion for the value of certain pine logs alleged to have been unlawfully taken from plaintiff by defendants and converted to their own use. Plaintiff had a verdict in the court below, and defendants appealed from an order denying their alternative motion for judgment notwithstanding the verdict or for a new trial.

The logs in controversy were "picked up" by plaintiff upon the banks, or as they floated in the St. Croix river above Stillwater. He claims that they were unmarked, and not in the possession or control of any person, and that he took possession of them, marked each with his own mark, and recorded the same with the surveyor general of logs and lumber of the Stillwater district, after which he rafted the logs and towed them down the river to the city of Stillwater, where they were taken from him by defendants. His title to the logs is founded upon the provisions of section 2530, R. L. 1905, which provides that

all logs found in the waters of any lumber district, not in the possession of or under the control of any person, which have no distinctive mark or marks which have not been recorded in the proper district, shall be deemed abandoned, and shall not be recognized as property by any court.

The original answer of defendants was a general denial; but on the trial an amendment was allowed, by which they practically admitted having taken the logs from plaintiff, and justified their act as agents of the St. Croix Boom Company, which, they allege, had the right to the possession of the logs, not only when plaintiff "picked them up," but also when defendants seized them at Stillwater. But, aside from this admission and justification, we find evidence in the record to justify a verdict against all the defendants, unless the rights of the boom company, upon which they rely, are superior to those of plaintiff.

The boom company was chartered by the territorial legislature of 1851. Chapter 9, p. 22, Laws 1851. The charter was subsequently amended, and the rights and duties of the company defined, by chapter 116, p. 425, Sp. Laws 1870.

By its charter the boom company was given the exclusive control of the St. Croix river, between the points designated therein, so far as floating, rafting, or driving logs down the stream is concerned. It was authorized to construct booms and sorting works, and to take possession of all logs found in the river, to sort, raft, and deliver the same to their respective owners. By sections 16, 17, c. 116, pp. 432, 433, Sp. Laws 1870, amending the charter, the boom company was required, whenever logs should enter its boom faster than they could be reasonably rafted, and should escape therefrom, to "pick up and collect all such logs in booms of convenient size substantially constructed," and to sort, raft, and deliver them upon the payment of charges to the owner. Section 11 of its charter provides as follows: "That all logs or timber that shall pass Rock Island, so called, in said river, shall be under the control of said corporation until turned out of its boom; and no person or persons shall pick up or interfere with any of said logs or timber without paying the said corporation the boomage on the same they would be entitled to demand

if rafted and delivered by said corporation, unless such logs or timber are to be manufactured in mills located on said river above said lower boom." Section 22 provides that all unmarked logs, generally known as "prize logs," driven or floating into either of the booms of the company, shall be its property; and by chapter 263, p. 545, Sp. Laws 1878, the company is required to deliver the same to the Lumbermen's Board of Trade of Stillwater. Other provisions of the charter define the rights, duties, and obligations of the boom company in greater detail, but what has been stated is sufficient for the purposes of the present case.

It is the contention of defendants that, under the provisions of the charter referred to, the right of possession and control of all logs in the waters of the St. Croix river is vested in the boom company for the purpose of sorting and delivering the same to the owners, and for the delivery of all unmarked logs to the Lumbermen's Board of Trade, and, further, that, as the logs in question were picked up by plaintiff within its jurisdiction, he acquired no title or right to them, and cannot recover.

We are unable to concur in this view of the case. It may be conceded for present purposes that the boom company not only has the right, but is charged by law with the duty, of taking possession of all logs floating down the river between the points of its jurisdiction, and sorting, rafting, and delivering the same to their respective owners; and it may be further conceded that all unmarked logs coming into either of its booms become its property, and also that no person has the right to pick up marked or unmarked logs and raft and float them down the river without paying boomage charges to the company. But, with this concession, it is clear that the boom company has no right to the possession of the logs in question under the issues made by the pleadings.

The rights of the parties are controlled by section 2580, supra. The logs were abandoned logs, within the meaning of that statute, and were rightfully picked up by plaintiff, even though found by him within the limits of the boom company's jurisdiction. The evidence justified the jury in finding that when picked up by plaintiff they were unmarked, and that plaintiff caused his own mark to be placed

thereon, which was duly recorded. The logs were not the property of the boom company, though in its waters, for they had never been driven or floated into its booms, or either of them, and are not, therefore, covered by the terms of section 22 of its charter. There is no conflict between section 2580 and any of the provisions of the charter of the boom company. The general statute has reference to all unmarked logs floating in the river, whether within or without the jurisdiction of the boom company, and justifies any person in taking possession thereof and claiming them as his own. The title to unmarked logs becomes vested in the boom company only when they come into its booms.

Other provisions of the charter referred to would in all probability give the boom company the right to exact boomage charges for the passage of these logs down through or past its works, though it performed no service with reference to them. But no such claim is made in the answer of defendants, and the question is not considered. The boom company cannot claim the right to return the logs to its works for the purpose of sorting them, for no sorting is necessary. They all belong to and are the property of plaintiff, and the most the boom company could insist upon would be the right to retake them for the purpose of enforcing its lien for boomage, and this right is not claimed.

We have considered all questions presented as reasons why a new trial should be granted, and discover no reversible error.

Order affirmed.